S. A. GILSON, PLAINTIFF IN ERROR, *v.* JOHN LACEY and C.
J. WEBBER, DEFENDANT IN ERROR.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to priority of liens of judgment or of prior unrecorded con-
veyance, see annotation in 16 L. R. A., 668.

JOHN F. SCOTT, for plaintiff in error.

E. H. MARSH, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a contest between an automobile repair man and a judgment creditor of defendant Webber, both asserting a prior lien on an automobile belonging to the latter. The circuit judge decided in favor of the judgment creditor and the mechanic has appealed in error.

The mechanic made certain repairs on the car, furnishing materials therefor, in November, 1930, and in June, 1931. He claims the benefit of the lien on vehicles provided in sections 7960 and 7961 of the Code. These sections are as follows:

"There shall be a lien upon any vehicle, propelled by any sort of power, for any repairs or improvements made or parts or fixtures furnished at the request of the owner or his agent, in favor of the mechanic, contractor, founder, or machinist who makes on any such vehicle mentioned any repairs or puts thereon any improvements, fixtures, machinery, or materials; provided, the lien herein created shall not extend to, nor shall the provisions of this section and the next following section be construed as in any way affecting the right and title acquired by a purchaser without notice.

"The lien shall be upon and include the vehicle and improvements thereon, and continue for twelve months after the work is finished or repairs made or material furnished and until the final decision of any suit that may be brought within that time for the debt to said contractor, or undertaker, or furnisher, and bind said vehicle and improvements thereon; provided, the said vehicle with improvements thereon has not been transferred in good faith to a purchaser without notice."

On August 25, 1931, a judgment was rendered against

defendant Webber by a justice of the peace in Knox County in favor of one L. G. Coffey in the sum of $50 and costs. Execution was issued upon said judgment and was levied on Webber's automobile on September 3, 1931. The automobile was taken over by defendant Lacey, the officer who levied the execution, he undertaking to retain the machine in his possession pending advertisement and sale.

On September 17, 1931, before sale under the execution, an attachment suit was brought before a magistrate by the plaintiff Gilson, seeking to enforce his lien for the aforesaid repairs. The attachment was levied on the automobile mentioned, the car taken over under the attachment by one Floyd, a deputy sheriff. Upon the trial of this suit the attachment was sustained and judgment given against the owner of the car. From this judgment he did not appeal but defendant Lacey, the officer who levied on the car under Coffey's execution, did appeal. As stated before, the circuit judge was of opinion that the lien of the execution was superior to the lien of the mechanic and rendered judgment in favor of the officer levying the execution.

The conclusion reached by His Honor is opposed to the views formerly expressed by this court. In *Harris v. Gaines,* 70 Tenn. (2 Lea), 12, it was said: ". . . the weight of authority and reason is, we think, that the mere levy of an execution without sale fixes a lien attaching to the legal title, and this is subject to any equity against the debtor, relating to period of time to the levy." In that case it was held that the right of the grantor of the property levied on to rescind for duress or fraud was superior to the lien of the execution.

Such is the general rule. 23 C. J., 506; Freeman on Judgments (5th) sec. 969 et seq.

It is quite usually held that recording acts which avoid unregistered instruments only as against purchasers do not avoid them as against creditors and the lien of a judgment is inferior to an unrecorded mortgage. Note 16 L. R. A., 668.

Sections 7960 and 7961 of the Code provide that the lien on vehicles shall not affect the right and title of the purchaser in good faith without notice. Under the analogy of the cases just referred to, creditors would not be protected and a judgment creditor's lien would be inferior to the lien created by these sections.

The general rule undoubtedly is that a judgment creditor can seize only such an interest in property as his debtor owns. Section 7668 of the Code, however, avoids certain unregistered instruments, required to be registered, both as to creditors and as to purchasers.

Upon the authorities stated, the judgment of the circuit court is reversed and a judgment will be entered here in favor of the mechanic.